**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DALE SCHULTZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Nationwide General Insurance Company ("Defendant") files this Notice of

Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and would respectfully

represent and show unto this Court the following:

<u>A. Introduction</u>

1.      Pursuant to Local Rules 3.1 and 81.1, Defendant files its Civil Cover Sheet (Exhibit "A").

2.      On or about February 16, 2016, Plaintiff Dale Schultz ("Plaintiff") initiated the state

court lawsuit against Defendant in the 413th Judicial District Court of Johnson County, Texas,

styled *Dale Schultz v. Nationwide General Insurance Company*, pending as Cause No. DC-

C201600073 ("the state court action"). In the state court action, Plaintiff seeks actual damages

for negligence, breach of contract, damages for violation of the Texas Deceptive Trade Practices

Act, damages for violations of the Texas Insurance Code, damages for breach of the duty of good

faith and fair dealing, damages for breach of fiduciary duty, damages for unfair insurance

practices, damages for intentional and negligent misrepresentation, and damages for common

law fraud. Further, Plaintiff seeks attorneys' fees, treble damages, exemplary damages and 18%

interest. *See Plaintiff's Original Petition*, attached hereto as Exhibit "B".

3.     The attorneys involved in the action being removed are listed as follows:

| Party and Party Type | Attorney(s) |
|---|---|
| Dale Schultz - Plaintiff | James M. McClenny<br>Texas Bar. No. 24091857<br>Bill L. Voss<br>Texas Bar No. 24047043<br>Scott G. Hunziker<br>Texas Bar No. 24032446<br>The Voss Law Center<br>26619 Interstate 45 South<br>The Woodlands, Texas 77380<br>713.861.0015 – phone<br>713.861.0021 – fax<br>james@vosslawfirm.com<br>bill.voss@vosslawfirm.com<br>scott@vosslawfirm.com |
| Nationwide General Insurance<br>Company - Defendant | Randall G. Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670<br>Randy.walters@wbclawfirm.com |

4.     The name and address of the court from which the case is being removed is as

follows:

>     The Honorable William Bosworth
>     413th District Court
>     Guinn Justice Center
>     204 S. Buffalo Ave.
>     Cleburne, Texas 76033
>     817.556.6040

### B. Notice of Removal Timely

5.      Defendant was served with process and a copy of Plaintiff's suit on March 3, 2016. *See*

Exhibit "C". Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30)

days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief upon which the action or proceeding is based. Consequently, this

Notice of Removal is timely.

### C. Complete Diversity

6.      Pursuant to the state court action, Dale Schultz is a citizen of the State of Texas, located

in Johnson County, Texas.

7. Defendant Nationwide General Insurance Company is now, and was at all times relevant

hereto, a citizen of the state of Ohio, incorporated in the state of Ohio, and having its principal

place of business in the state of Ohio.

8.      In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C.

§§ 1332(a), 1441(b).

9.      Plaintiff's Original Petition alleges actual damages, seeks three times the amount of

actual damages, and seeks attorneys' fees, interest and exemplary damages. Exhibit "C" at 16-17.

Specifically, Plaintiff seeks an amount over $200,000.00 but not more than $1,000,000.00. *Id.*

10.     In determining the amount in controversy, the court may consider "policy limits ...

penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-

CV-1288-G, 1999 WL 151667, at \*2-\*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount

in controversy in plaintiff's case against their insurance company for breach of contract, fraud,

negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the

Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

. E.  ALL PLEADINGS OF STATE COURT ACTION ATTACHED AS EXHIBITS

11.    Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit "D".

F.  BASIS FOR REMOVAL

12.    Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen and resident of Texas, Defendant is a citizen and resident of Ohio, and since the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

G. FILING OF NOTICE WITH STATE COURT

13.    Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record and to the clerk of the state court action.

**PRAYER**

16.    WHEREFORE, PREMISES CONSIDERED, Defendant Nationwide Property and Casualty Insurance Company requests that this Court proceed with the handling of this cause of

action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that it have such other and further relief to which it may show itself entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:     */s/ Randall G. Walters*
        RANDALL G. WALTERS - 20819480
        Meadow Park Tower
        10440 N. Central Expy, Suite 1500
        Dallas, Texas 75231
        214/347-8381  - FAX
        214/347-8380 - DIRECT
        214/749-4805 - MAIN
        Email: randy.walters@wbclawfirm.com
        **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of March, 2016, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Randall G. Walters*
RANDALL G. WALTERS

# EXHIBIT A

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dale Schultz | Nationwide General Insurance Company |

| | |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff   Johnson County | County of Residence of First Listed Defendant   Franklin County, Ohio |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Voss Law Firm<br>26619 Interstate 45 South<br>The Woodlands, Texas 77380  Phone: 713.861.0015 | Walters Balido & Crain, LLP<br>10440 North Central Expressway, Suite 1500<br>Dallas, Texas 75231  Phone: 214.749.4805 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
          Plaintiff

☐ 3  Federal Question
          *(U.S. Government Not a Party)*

☐ 2  U.S. Government
          Defendant

☒ 4  Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
          Proceeding

☒ 2  Removed from
          State Court

☐ 3  Remanded from
          Appellate Court

☐ 4  Reinstated or
          Reopened

☐ 5  Transferred from
          Another District
          *(specify)*

☐ 6  Multidistrict
          Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(a); 28 USC 1441(b)

Brief description of cause:
First party bad faith insurance dispute arising out of property damage claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/22/2016 | /s/Randall G. Walters |

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# EXHIBIT B

COPY

Filed: 2/16/2016 2:56:10 PI
David R. Lloyd, District Cler
Johnson County, Texa
By: Renee Alexander, Depu

CAUSE NO. ___DC-C201600073___

| | | |
|---|---|---|
| **DALE SCHULTZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **vs.** | § | **JOHNSON COUNTY, TEXAS** |
| | § | |
| **NATIONWIDE INSURANCE** | § | |
| **COMPANY OF AMERICA,** | § | |
| *Defendant.* | § | 413th  **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Dale Schultz (hereinafter "Plaintiff"), and complains of Nationwide Insurance Company of America (hereinafter "Nationwide"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Cleburne, in Johnson County, Texas.

**PARTIES**

3.　　Plaintiff is an individual whose residence is located in Cleburne, Johnson County, Texas.

4.　　Defendant Nationwide is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**BACKGROUND**

5.　　This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 905 Prairie Ave. Cleburne, TX 76033, (the "Property"). In addition to seeking economic and penalty based damages from Nationwide, Plaintiff also seeks compensation from Nationwide for damages caused by improperly investigating the extensive losses associated with this case.

6.　　Plaintiff owns the Property.

7.　　Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Nationwide to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through his residential policy, 7842HO680106, Plaintiff was objectively insured for the subject loss by Defendant.

8.　　On or around April 26, 2015, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Nationwide to help begin the rebuilding process.  By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.  Moreover, his residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Nationwide continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Nationwide has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Nationwide, as well as provided opportunities for Nationwide to inspect the Property.  However, Nationwide failed to conduct a fair investigation into the damage to the Property.  Moreover, Nationwide failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Nationwide's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Nationwide.  Further, Plaintiff made inquiries regarding the status of the losses, and payments.  Regardless, Nationwide failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this

date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.     Nationwide has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Nationwide has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Nationwide did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Nationwide has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Nationwide in a timely manner.

17.     Nationwide has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Nationwide that failed to conduct a reasonable investigation.   Ultimately, Nationwide performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Nationwide has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Nationwide.   Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Nationwide has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.    All acts by Nationwide were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Nationwide and/or were completed in its normal and routine course and scope of employment with Nationwide.

## CLAIMS AGAINST DEFENDANT

23.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## A.
## NEGLIGENCE

24.    Nationwide had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.   Nationwide breached this duty in a number of ways, including but not limited to the following:

      a.    Nationwide was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

      b.    Nationwide had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

    c.    Nationwide failed to properly complete all adjusting activities associated with Plaintiff.

25.    Nationwide's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## B.
## BREACH OF CONTRACT

26.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.    According to the policy that Plaintiff purchased, Nationwide had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.    As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.    Despite objective evidence of such damages, Nationwide has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

30.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.    Nationwide's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas

Business & Commerce Code.  Nationwide collectively engaged in false, misleading, or deceptive

acts or practices that included, but were not limited to:

a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d. Using or employing an act or practice in violation of the Texas Insurance Code;

e. Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f. Failure to properly investigate Plaintiff's claim; and/or

g. Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Nationwide in low-balling and/or denying Plaintiff's damage claim.

32.  As described in this Original Petition, Nationwide represented to Plaintiff that his

insurance policy and Nationwide's adjusting and investigative services had characteristics or

benefits that it actually did not have, which gives Plaintiff the right to recover under Section

17.46 (b)(5) of the DTPA.

33.  As described in this Original Petition, Nationwide represented to Plaintiff that its

insurance policy and Nationwide's adjusting and investigative services were of a particular

standard, quality, or grade when they were of another, which stands in violation of Section 17.46

(b)(7) of the DTPA.

34.    By representing that Nationwide would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Nationwide has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.    Nationwide has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.    Nationwide's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.    Nationwide's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.    Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Nationwide to his detriment. As a direct and proximate result of Nationwide's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Nationwide are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.    Because Nationwide's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times

such actual damages, for Nationwide having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Nationwide having intentionally committed such conduct.

40.     As a result of Nationwide's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

**D.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Nationwide's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, Nationwide engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.    Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Nationwide, and Plaintiff relied upon these unfair or deceptive acts or practices by Nationwide to his detriment.  Accordingly, Nationwide became the insurer of Plaintiff.

44.    As a direct and proximate result of Nationwide's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Nationwide's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Nationwide having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Nationwide having intentionally committed such conduct.

46.     As a result of Nationwide's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.   Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### E.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Nationwide has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Nationwide has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Nationwide knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Nationwide is a proximate cause of Plaintiff's damages.

**F.**
**BREACH OF FIDUCIARY DUTY**

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Nationwide had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Nationwide owed a duty of good faith and fair dealing to Plaintiff.  Nationwide breached that fiduciary in that:

     a.     The transaction was not fair and equitable to Plaintiff;

     b.     Nationwide did not make reasonable use of the confidence that Plaintiff placed upon it;

     c.     Nationwide did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

     d.     Nationwide did not place the interests of Plaintiff before its own, and Nationwide used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

     e.     Nationwide placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

     f.     Nationwide did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     Nationwide is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Nationwide's conduct.

**G.**
**UNFAIR INSURANCE PRACTICES**

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Nationwide has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Nationwide's failure to properly investigate Plaintiff's claim.   Plaintiff also includes Nationwide's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Nationwide's failure to pay for the proper repair of Plaintiff's Property, as to which Nationwide's liability had become reasonably clear.

56.     Additional violations include Nationwide's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.   Plaintiff further includes Nationwide's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Nationwide's misrepresentations of coverage under the subject insurance policy. Specifically, Nationwide is also guilty of the following unfair insurance practices:

       a.      Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

       b.      Engaging in unfair claims settlement practices;

       c.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

  d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Nationwide's liability had become reasonably clear;

  e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

  f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

  g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57. Nationwide has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Nationwide's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59. Nationwide is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Nationwide did not inform Plaintiff of certain exclusions in the policy.  Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Nationwide is liable for these actual consequential and penalty-based damages.

**I.**
**COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION**

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Nationwide perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages. Alternatively, Nationwide fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Nationwide fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because Nationwide knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Nationwide, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Nationwide in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Nationwide has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Nationwide's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     Nationwide's conduct was committed knowingly and intentionally. Accordingly, Nationwide is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## COMPEL MEDIATION

73. Pursuant to §541.161 of the Texas Insurance Code and §17.5051 of the Texas Business and Commerce code, Plaintiff request that Defendant's be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant's.  Please see attached, *Plaintiff's Motion to Compel Mediation Pursuant to §541.161 of the Texas Insurance Code and §17.5051 of the Texas Business and Commerce Code With Brief in Support of Motion to Compel Mediation.* Please see attached ("Exhibit A").

## JURY DEMAND

74.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Nationwide disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

a.     Please produce Nationwide complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.     Please produce the electronic diary, including the electronic and paper notes made by Nationwide claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Nationwide intends to offer these items into evidence at trial.

## **INTERROGATORIES**

76.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.     Please identify any person Nationwide expects to call to testify at the time of trial.

b.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.     If Nationwide or Nationwide's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Nationwide or any of Nationwide's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Nationwide's investigation.

e.     Please state the following concerning notice of claims and timing of payment:

      i.     The date and manner in which Nationwide received notice  of  the claim;

      ii.     The date and manner in which Nationwide acknowledged receipt of the  claim;

      iii.     The date and manner in which Nationwide commenced investigation of the claim;

      iv.     The date and manner in which Nationwide requested from the claimant all items, statements, and forms that Nationwide reasonably believed, at the time, would be required from the claimant; and

      v.     The date and manner in which Nationwide notified the claimant in writing of the acceptance or rejection of the claim.

f.     Please identify by date, amount and reason, the insurance proceed payments made by Nationwide, or on Nationwide's behalf, to the Plaintiff.

g.     Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.     When was the date Nationwide anticipated litigation?

i.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Nationwide's document retention policy.

j.      Does Nationwide contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

k.      Does Nationwide contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.      Does Nationwide contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

m.      How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

   i.      what performance measures are used; and
   ii.     describe Nationwide's bonus or incentive plan for adjusters.

## CONCLUSION

77.      Plaintiff prays that judgment be entered against Nationwide Insurance Company of America, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Nationwide Insurance Company of America, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

---

**THE VOSS LAW FIRM, P.C.**


*/s/ James M. McClenny*
**JAMES M. MCCLENNY**
Texas Bar No. 24091857
**BILL L. VOSS**
Texas Bar No. 24047043
**SCOTT G. HUNZIKER**
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
james@vosslawfirm.com
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

CAUSE NO. DC-C201600073

| | | |
|---|---|---|
| **DALE SCHULTZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **JOHNSON COUNTY, TEXAS** |
| | § | |
| **NATIONWIDE INSURANCE** | § | |
| **COMPANY OF AMERICA,** | § | |
| *Defendant.* | § | 413 **TH JUDICIAL DISTRICT** |

---

### PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE AND §17.5051 OF TEXAS BUSINESS AND COMMERCE CODE WITH BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Dale Schultz, through counsel, and files this Motion to Compel Mediation, in accordance with **§541.161** of the Texas Insurance Code and **§17.5051** of Texas Business and Commerce Code, in support of the same, Plaintiff would show unto this Honorable Court as follows:

### I. SUMMARY OF ARGUMENT

1. This is a lawsuit regarding damage to an insured property.

2. Pursuant to Texas Insurance Code **§541.161** and Texas Business and Commerce Code **§17.5051**, Plaintiff asks this court to compel a mediation in an attempts to timely resolve this dispute.

### II. ISSUE PRESENTED

3. At the request of a party, not later than the 90th day after the date a pleading for

1

relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

### III. MOTION TO COMPEL MEDIATION

4.      To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.      Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.      Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the {Federal/State} Rules of Civil Procedure. Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code **§541.161** and Tex. Bus. & Com. Code **§17.5051**, paid in advance directly to the mediator, and taxed as costs.

7.      Plaintiff prays that this Honorable Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code **§541.161** and Texas Business and Commerce Code **§17.5051**.

### IV. BRIEF IN SUPPORT OF MOTION

8.      **§541.161(a)&(b)** of the Texas Insurance Code and **§17.5051(a)&(b)** of the Texas

2

Business and Commerce Code state:

> A party may, no later than the 90th day after the date
> a pleading for relief under this subchapter is served,
> file a motion to compel mediation of the dispute in
> the matter provided by this section. **This court
> shall, no later than the 30th day after the date a
> motion under this section is filed, sign an order
> setting the time and place of the mediation.**

9.    **§541.161(c)&(d)** of the Texas Insurance Code and **§17.5051(c)&(d)** of the Texas

Business and Commerce Code state:

> The court shall appoint a mediator if the parties do
> not agree on a mediator. The mediation must be
> held not later than the 30th day after the date the
> order is signed unless:
> (1) the parties agree otherwise; or
> (2) the court determines that additional time not to
>     exceed 30 days is warranted.

10.    Plaintiff has filed a pleading for relief under Texas Insurance Code **§541** and / or

Texas Business and Commerce Code **§17** that was served on Plaintiff within 90 days from this

motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for

mediation to be held not later than the 30th day after such order is signed.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, for all reasons set forth above, Plaintiff

prays that this Honorable Court sign an order setting the time and place for mediation to occur

within 30 days from such order and further names a duly qualified mediator.

Respectfully submitted,

3

THE VOSS LAW FIRM, P.C.


/s/ James M. McClenny
**JAMES M. MCCLENNY**
Texas Bar No. 24091857
**BILL L. VOSS**
Texas Bar No. 24047043
**SCOTT G. HUNZIKER**
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
james@vosslawfirm.com
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

4



**DVA Consulting Services**
**294 Misty Dawn Court**
**The Woodlands, TX 77385**

7015 1520 0002 5662 6235



Nationwide Ins. Co. of America
c/o Corporation Service Company
211 East 7th Street, Ste. 620
Austin, TX 78701-3218

# EXHIBIT C



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 14866981
Date Processed: 03/03/2016

| Primary Contact: | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
|---|---|
| Copy of transmittal only provided to: | Kevin Jones<br>Cassandra Struble<br>Rebecca Lewis |

| | |
|---|---|
| Entity: | Nationwide Insurance Company Of America<br>Entity ID Number 3286566 |
| Entity Served: | Nationwide Insurance Company of America |
| Title of Action: | Dale Schultz vs. Nationwide Insurance Company of America |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Johnson County District Court, Texas |
| Case/Reference No: | DC-C201600073 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 03/03/2016 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | The Voss Law Firm, P.C.<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# State of Texas

413TH DISTRICT COURT

JOHNSON COUNTY, TEXAS

DISTRICT CLERK

ATTORNEY FOR PLAINTIFF(S)

DAVID R. LLOYD
GUINN JUSTICE CENTER
P.O. BOX 495
CLEBURNE, TEXAS 76033



JAMES M. MCCLENNY
26619 INTERSTATE 45 SOUTH
THE WOODLANDS, TEXAS 77380

==================================================================

### C I T A T I O N   –   C I V I L

==================================================================

**(PLAINTIFF'S ORIGINAL PETITION)**
CAUSE NO. **DC-C201600073**

NOTICE TO DEFENDANT:

YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER THE SERVICE DATE OF THIS CITATION AND petition, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

TO:  **NATIONWIDE INSURANCE COMPANY OF AMERICA**
     **% REG. AGENT, CORPOARATION**
     **SERVICE COMPANY**
     **211 EAST 7TH STREET**
     **SUITE 620**
     **AUSTIN, TEXAS 78701-3218**

DEFENDANT – GREETINGS:

You are hereby commanded to appear by filing a written answer to the plaintiff's
**O R I G I N A L**
petition by 10:00 a.m. of the Monday next following the expiration of twenty (20) days after the service date of this citation and petition before the Honorable **413TH DISTRICT COURT** of Johnson County, Cleburne, Texas.

Said                          **O R I G I N A L**                          petition
was filed in said court on the **16TH DAY OF FEBRUARY, 2016**, in this cause numbered **DC-C201600073**, on the docket of said court, and styled:

### DAVID SCHULTZ VS. NATIONWIDE INSURANCE COMPANY OF AMERICA,

The nature of this demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to the requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office in Cleburne, Texas, this **19TH DAY OF FEBRUARY, 2016.**

DAVID R. LLOYD – DISTRICT CLERK
413TH DISTRICT COURT
JOHNSON COUNTY, TEXAS

BY _____Sally L Van Slyke_____ DEPUTY

**OFFICER'S / AUTHORIZED PERSON'S RETURN**

CAUSE NO. **DC-C201600073**

Came to hand the _29th_ day of _February, 2016_, at _11:00_ o'clock _A_.m., and executed in _____ County, Texas, on the _____ day of _____, _____, at _____ o'clock ____.m., by delivering to the within-named _____, in person, a true copy of this citation, with an accompanying copy of the petition, having first attached such copy of petition to such copy of citation and endorsed on such copy of citation the date of delivery.

FEES:
Serving Writ: $_____

Sher./Const./Auth. Person

_____ County, Texas

By _____ Deputy

SUBSCRIBED AND SWORN TO by _____, before me, the undersigned authority, this _____ day of _____, _____.

Notary Public (State of Texas)

Notary Public (Printed Name)

Commission Expiration: _____

EXHIBIT D

Filed: 3/8/2016 1:52:17 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

CAUSE NO. DC-C201600073

| | | |
|---|---|---|
| DALE SCHULTZ | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | JOHNSON COUNTY, TEXAS |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | 413TH JUDICIAL DISTRICT |

**DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY'S
ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NATIONWIDE GENERAL INSURANCE COMPANY, incorrectly sued as "Nationwide Insurance Company of America", Defendant in the above styled and numbered cause, and file this, its Original Answer to the Plaintiff's Original Petition and in support thereof, would respectfully represent and show unto the Court the following:

**I.**
**GENERAL DENIAL**

1.     Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant asserts a general denial to the material allegations contained in Plaintiff's Original Petition or latest amended Petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and demands Plaintiff be required to prove Plaintiff's charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY'S ORIGINAL ANSWER-PAGE 1

**II.**
**SPECIFIC DENIALS**

2.      Defendant specifically denies that it engaged in violations of the Texas Insurance

Code or the Texas Deceptive Trade Practices Act, and further denies that it is liable for damages

under those statutes or that it is liable for exemplary damages.

**III.**
**AFFIRMATIVE DEFENSES**

3.      Further answering, Defendant asserts with respect to Plaintiff's claim or any

potential claim for punitive damages, any award of punitive damages must be limited to the

greater of:  (1) two times the amount of economic damages plus an amount equal to any non-

economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of

economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice &

Remedies Code §41.002-41.009, including the increased burden of proof.

4.      Further answering, under Texas law an insured has a duty to read an insurance

policy and is charged with knowledge of its contents.  Defendant asserts that any claim which is

based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of

law, since Plaintiffs are charged with knowledge of the contents of all relevant policies at issue.

5.      Further answering, Defendant asserts there is no ambiguity in the contract as there

is only one reasonable interpretation.  *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157

(Tex. 2003).

6.     Further answering, Defendant asserts Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

7.     Defendant would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

8.     Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the policy. No reference to specific terms, conditions, provisions, limitations, requirements, and exclusions of the policy in this pleading shall be interpreted to limit the generality of the foregoing or of the general provisions referenced in subsequent paragraphs. To the extent the policy provides additional rights, remedies, or options available to Defendant that are not pleaded in this answer, Defendant does not waive its right to invoke such provisions either contractually or by further pleading.

9.     Defendant further alleges Plaintiffs' claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- Art. 5069-1.05 § 6, Tex. R. Civ. Stat;

- Chapter 304, Tex. Fin. Code; and

- Chapter 41, Tex. Civ. Prac. & Rem. Code

10.     By way of further answer, Defendant made no material misrepresentation to Plaintiff and no false representation to Plaintiff. Accordingly, Plaintiff's cause of action for misrepresentation must necessarily fail. Further answering, Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Defendant denies, because Defendant's actions or inactions were not a producing or proximate cause of damages, injury or loss suffered by Plaintiff.

11.     Defendant would assert that the Court should instruct the jury as to whether any recovery sought by the Plaintiff is subject to federal or state income taxes.

12.     Further answering, Defendant denies Plaintiff's claim alleging bad faith against Defendant, as a *bona fide* controversy existed and continues to exist concerning the allegedly covered loss and Plaintiffs' entitlement to insurance benefits under the Policy. The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

13.     Defendant would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

14.     Any coverage for the underlying claims to which Plaintiff's current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the alleged policy.

15.     Further answering, Defendant asserts Texas does not recognize a cause of action against an insurer or for common law negligence, common law fraud, misrepresentation or nondisclosure as breach of the duty of good faith and fair dealing is the only common law cause of action against an insurer. *Universe Life Ins. Co. v. Giles,* 881 S.W.2d 44, 53 n. 6 (Tex.App.-Texarkana 1994), aff'd in part, rev'd in part, 950 S.W.2d 48 (Tex.1997).

16.     Defendant *reserves* the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation as to the provisions, terms and conditions of the policy.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendants, but that Defendant goes hence without day and recover their costs, and for such other and further relief to which Defendant may be justly

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: */s/Randall G. Walters*
RANDALL G. WALTERS – 20819480
randy.walters@wbclawfirm.com
Service of Documents:
WaltersEDocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214/347-8381 – FAX
214/347-8380 – DIRECT
214/749-4805 – MAIN

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of March, 2016, a copy of the above and foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/Randall G. Walters*
RANDALL G. WALTERS